[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION FOR MODIFICATION OF JUDGMENT
This memorandum of decision addresses the defendant's Motion for Modification of Judgment dated September 13, 1995. Through this motion, the defendant sought review of existing alimony orders. The court finds this matter in favor of the defendant, and orders the plaintiff to pay alimony as set forth herein.
 I
By way of history, the file reflects that the plaintiff husband commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown. The writ and complaint were returnable to this court on August 3, 1993. Thereby, the plaintiff also sought an equitable division of the parties' marital assets and liabilities, including jointly held real property. On July 21, 1993, the defendant wife filed an answer in response to the allegations of the complaint, and thereby submitted to the jurisdiction of this court. A judgment of dissolution on the grounds of irretrievable breakdown was entered by Judge Santos on March 17, 1995. This judgment adopted CT Page 1982 the parties' separation agreement dated March 17, 1995.[1]
Paragraph 1 of the agreement included the following pertinent language regarding alimony: "1. The husband shall pay to the wife the sum of One and 00/100 Dollars ($1.00) per year as alimony, commencing on March 17, 1995. These payments shall cease upon the husband's death, the wife's death, the wife's remarriage or March 17, 2005, whichever occurs first. Said alimony shall be unmodifiable as to term. The husband shall notify the wife immediately upon his securing new employment, which results in an annual raise of greater than $1,000.00." The agreement called for the distribution of property, as well, including the obligation that the plaintiff "quit claim his interest in the real estate located at 310 Grissom Road, Manchester, Connecticut, to his wife. The wife shall pay the two (2) mortgages, taxes, all utilities and hold the husband harmless from the same, henceforth. The wife shall use her best efforts to secure a release of liability for the husband from the two (2) mortgages, upon his request." Agreement, ¶ 2. The agreement entitled each party to retain the retirement funds identified upon his/her financial affidavit. Agreement, ¶ 7. The plaintiff's financial affidavit, dated March 17, 1995, established that at the time of judgment he was receiving $300.00 gross weekly wages from his sole employment, as an engineer at U.S. Engineering Technical Services. The plaintiff's financial affidavit, dated March 17, 1995, established that at the time of judgment she was receiving $395.00 gross weekly wages from her sole employment as a secretary for the Manchester Board of Education.
 II
Each party was represented by counsel at the hearing which was held on December 21, 1995. Each party testified, and submitted financial affidavits, documentary evidence, and proposed orders for the consideration of the court. From the evidence presented, the court finds as follows:
The parties were married for approximately twenty-six years before the court dissolved their union upon the plaintiff's complaint of unhappiness. The parties separated in 1988, and attempted three unsuccessful efforts at reconciliation thereafter.
During the marriage, the plaintiff was primarily employed as an engineer consistently earning approximately $60,000.00 per year. At the time of the dissolution, however, he had been CT Page 1983 terminated from his position at ABB/Combustion Engineering in Windsor, where he had worked for approximately 21 years. His employment at the time of dissolution yielded earnings of approximately $15,600.00 per year. The plaintiff had a bachelor's of science degree in engineering, and had earned a Master's Degree in Management in 1982. On July 31, 1995, the plaintiff succeeded in obtaining re-employment with ABB/Combustion Engineering, albeit without the promise of perquisites such as bonuses and contracts from which he had benefited in his previous position with that company. He currently earns approximately $60,008.00 gross wages per year. The plaintiff's employment responsibilities now include international travel, sales, and new business development. This occupation offers many new opportunities for the plaintiff, but causes him stress during long work hours.
The defendant is a high school graduate. During the marriage she worked primarily as a homemaker, and spent several years employed part-time as secretary at a physician's office. Approximately nine years ago, she obtained employment as an executive secretary with her local board of education: she is employed 35 hours per week, working 40 weeks per year. In the summer of 1995, she was able to obtain similar employment working as a substitute secretary. She currently earns approximately $21,580.00 in gross weekly wages per year.
The defendant now occupies the former marital residence, and incurs recurring expenses for home maintenance, repair, and lawn care in the amount of $50.00 per week. The parties stipulated that in May of 1995, the mortgage on this home was refinanced at an interest rate of 8.75% on the remaining balance of $46,000.00: pursuant to the agreement, the defendant is responsible for payment of this mortgage. The parties further stipulated that the real estate taxes attributed to this residence require payments of $3,120.00 per year.
The judgment of March 17, 1995 caused the parties' assets to be distributed in a fairly equal manner, with a slight valuation benefit to the defendant. The court notes, however, that those assets retained by the plaintiff included his substantial retirement benefits, which require little or no maintenance or expense to preserve their value. The assets awarded to the defendant included the entire interest in the marital homestead, which requires substantial contributions for care and preservation. CT Page 1984
The defendant had paid no alimony from the commencement of his re-employment until the hearing. The plaintiff has voluntarily paid college tuition for a child of the marriage, who has reached majority. The defendant continues to make voluntary payments on a loan apparently procured from his son.
 III
In reaching its decision, the court has considered all of the requisite statutory criteria, together with the potential tax[2] consequences of the financial awards set forth below. The criteria considered include those factors specified in General Statutes § 46b-81 as the basis for a decision related to division of the parties' property: the length of the marriage, the causes for the dissolution of the marriage, the age and health of the parties, their station and occupation, amount and sources of income, employability, vocational skills, estate, liabilities, needs and opportunity for future acquisition of capital assets and income. The court has also considered those factors specified in General Statutes § 46b-82 as the basis for an award of alimony in a case such as this: the length of the marriage, the causes for dissolution of the marriage, the parties' age and health, their station and occupation, amount and sources of income, employability, vocational skills, estate, needs, and any award of property pursuant to § 46b-81.
General Statutes § 46b-86(a) provides, in pertinent part, that "[n]o order for periodic payment or permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice ofsuch pending motion upon the opposing party. . . ." (Emphasis added.) The court file reflects that the plaintiff received in-hand service of the defendant's motion for modification of judgment on September 20, 1995.
At trial, the plaintiff made an oral motion that the court extend the period within which alimony may be paid beyond March 17, 2005, the date which was established at the time of judgment for cessation of alimony payments. The court invited the parties to submit briefs addressing the court's authority to render such relief. The concluding paragraph of the plaintiff's thorough and complete Memorandum Regarding Post, Judgment Modification, dated CT Page 1985 January 9, 1996, requests alternate relief. The court notes, as well, that the judgment's order for alimony, as reflected in the agreement, was expressly "unmodifiable as to term." Agreement, ¶ 1. Accordingly, the court determines the plaintiff's extension argument to have been appropriately abandoned.
The court has considered the plaintiff's net current weekly income to be $742.00. The court has considered the defendant's net current weekly income to be $273.00. The court further finds that the plaintiff has greater opportunity than the defendant for "future acquisition of capital assets and income," within the meaning of § 46b-81, based on his background, education, and employment in the engineering field, and based upon his success in obtaining re-employment. The court further finds that the plaintiff has better "vocational skills" and more "employability" within the meaning of § 46b-82, based again on the defendant's history of education and employment in the engineering field.
 IV
ORDERS
The defendant has proved a substantial change in the plaintiff's circumstances, as is required for modification of this judgment pursuant to General Statutes § 46b-86. The court acknowledges and commends the fact that each party has made a significant effort to enhance his/her earnings, the defendant through her procurement of summer employment, and the plaintiff through his re-employment and new position at ABB/Combustion Engineering.
The motion for modification hereby granted, and the following remedial orders shall enter:
ALIMONY: Alimony shall be due from the plaintiff to the defendant in the amount of $290.00 per week, commencing on September 20, 1995, and extending through March 17, 2005, the term established in the agreement and judgment of March 17, 1995. This alimony shall be payable as follows:
Current alimony in the amount of $290.00 per week shall be paid on Wednesday of each week, tendered by deposit as first class U.S. mail, or pursuant to any other protocol agreeable to the parties. Statutory simple annual interest shall be assessed CT Page 1986 upon any portion of each week's alimony which is due, but unpaid.
To address past due alimony, owed for 27 weeks, from September 20, 1995 through March 29, 1996 (27 weeks x $290.00 = $7,830.00), additional alimony shall be paid at the rate of $500.00 per month for 14 months, with $830.00 paid in the fifteenth month. These payments shall be made on the last day of each month, tendered by deposit as first class U.S. mail, or pursuant to any other protocol agreeable to the parties. Statutory simple annual interest shall be assessed upon any portion of each month's contribution toward this accumulation of past alimony which is due, but unpaid.
At any time on or before the expiration of this fifteen month period, the plaintiff may pay the total amount of past due alimony, any unpaid portion thereof and/or any interest accrued thereon, through a lump sum payment. Such payment would reduce or extinguish the need for periodic contributions to the accumulated past due alimony, as noted above, in direct relation to the amount paid.
All other provisions of the agreement and judgment of March 17, 1995, will remain in effect, including that provision of paragraph 1 which requires that the plaintiff "shall notify the wife immediately upon his securing new employment, which results in an annual raise of greater than $1,000.00."
WHEREFORE, the defendant's motion for modification, dated September 13, 1995, is hereby granted, and the plaintiff is ordered to pay alimony to the plaintiff as described herein.
N. Rubinow, J.